IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRANDY MICHELLE B. O/B/O
D.L.F., A MINOR[1] PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-54-DAS

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income protectively filed on behalf of the plaintiff's son D.L.F., a minor. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Doc. 12. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be reversed and rendered for benefits.

## FACTS

On behalf of D.L.F., the plaintiff filed an application for supplemental security income benefits on August 12, 2022, alleging onset of disability on March 10, 2021. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on April 3, 2025. The Appeals Council denied the plaintiff's request for review, and the plaintiff appealed to this court.

---

[1] Consistent with guidance from the Judicial Conference's Committee on Court Administration and Case Management regarding privacy concerns in social security cases, the undersigned identifies the plaintiff only by first name and last initial.

The ALJ determined D.L.F. had the following severe impairment: bilateral cleft foot and hand. The ALJ found D.L.F. did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of an impairment in the listings. In specifically determining D.L.F.'s degree of limitation in the six domains of functioning under 20 CFR 416.924(a) and SSR 09-2p, the ALJ found D.L.F. has: no limitation in acquiring and using information; no limitation in attending and completing tasks; no limitation in interacting and relating with others; a marked limitation in moving about and manipulating objects; no limitation in the ability to care for himself; and no limitation in health and physical wellbeing. Accordingly, D.L.F. was found not disabled.

## ANALYSIS

Whether a child meets the "listing-level severity" standard to establish functional equivalence is dependent on whether the child has marked limitations in two broad areas of development or functioning or an extreme limitation in one of those areas. *See* 20 C.F.R. § 416.926a(d) (2001). This determination considers "how appropriately, effectively, and independently [a child] perform[s] … activities compared to the performance of other children […without] impairments." 20 C.F.R. § 416.926a(b). An "extreme" limitation is an impairment which seriously interferes with a child's "ability to initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

The ALJ found D.L.F. is "generally able to feed himself, color, pick up toys with both hands, run in shoes without much trouble, ride a balance bike, and use a toothbrush." However, these findings are entirely inconsistent with the plaintiff's testimony. At the ALJ hearing, the plaintiff testified that D.L.F. cannot hold a fork or spoon using only one hand and has trouble holding a fork or spoon with both hands. She stated he is unable to grip a cup sufficiently to

drink from it and must use both hands to grip a toothbrush, and he requires assistance to brush his teeth. According to the plaintiff, D.L.F. is completely unable to hold a crayon with his left hand and has difficulty gripping a crayon with his right hand. While the ALJ found D.L.F. was "capable of gripping small objects, such as coins and marbles," the plaintiff specifically testified that he would have "a hard time" picking up those items and still struggles even when using both hands. To this end, the consultative examiner Dr. Hubert Spears determined D.L.F. was "unable to grasp objects due to cleft hands."

The limitations D.L.F. experiences moving and manipulating objects are exactly the type delineated in SSR 09-6p, which provides guidance to ALJs in evaluating limitations in this domain. SSR 09-6p states "[h]as difficulty with sequencing hand or finger movements (for example, using utensils and grasping objects; Has difficulty with fine motor movements (for example, gripping and grasping objects)." The record evidence establishes the difficulties D.L.F. experiences moving about and manipulating objects and demonstrates the extent to which his day-to-day functioning is limited as a result. The evidence clearly supports a finding that D.L.F.'s impairment "interferes very seriously with [his] ability to independently initiate, sustain, or complete activities," and the ALJ erred in failing to find an extreme limitation in this domain. 20 C.F.R. § 416.926a(e)(3)(i).

Because D.L.F. experiences an extreme limitation in his ability to move about and manipulate objects, the record establishes functional equivalence to a listed impairment. In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the court must look to the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a

deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. Finding the record sufficiently complete to support a finding of disability, it is unnecessary to remand this case for further evaluation. The Commissioner's decision is reversed, and this case is remanded for an award of benefits.

SO ORDERED, this the 27th day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE